**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ANDREW J. CODY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 12-CV-042-JHP-FHM |
| ) | |
| RICK PARRISH, Supervisor; ) | |
| MICHAEL SNYDER, Administrator; ) | |
| DEBBIE MORTON, Director Designee, ) | |
| ) | |
| Respondents. ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2241 habeas corpus proceeding commenced by Petitioner, a state inmate appearing *pro se*. In response to the petition, Respondent filed a motion to dismiss (Dkt. # 13), and argues that this petition should be dismissed without prejudice based on Petitioner's failure to exhaust his state judicial remedy as provided by Okla. Stat. tit. 57, § 564.1 (Supp. 2005). Petitioner filed a response (Dkt. # 18) and an amended response (Dkt. # 19) to the motion to dismiss. For the reasons discussed below, the Court finds Respondent's motion to dismiss shall be denied. However, Petitioner's claims are procedurally barred. He shall be afforded an opportunity to file a response to demonstrate either cause and prejudice to overcome the procedural bar or that a fundamental miscarriage of justice will occur if his claims are not considered.

*BACKGROUND*

In his petition (Dkt. # 1), as amended (Dkt. # 5), Petitioner alleges that as a result of a disciplinary action at Center Point Osage, a privately owned halfway house, he was deprived of due process and equal protection of the law. He requests restoration of revoked earned credits, dismissal

of criminal charges filed against him in Osage County District Court, reclassification to community corrections status, supervision of Michael Snyder, and any other necessary relief. Id.

The record reflects that on July 24, 2011, Petitioner received a disciplinary report for the offense of "escape" after he failed to return to the half-way house from his work assignment. See Dkt. # 13, Ex. 2. On July 24, 2011, Petitioner waived his right to a disciplinary hearing, thereby entering a plea of guilty to the misconduct. Id. The discipline imposed for the misconduct was revocation of 365 days earned credits, placement at Level 1 for 90 days, and placement in segregation for 30 days. Id. Petitioner exhausted his administrative remedies by appealing the misconduct and arguing that his plea of guilty was coerced by Respondent Mike Snyder, the Administrator of Center Point. See Dkt. # 13, Ex. 3. The Director Designee's final decision, dated October 24, 2011, concluded the administrative review process. See Dkt. # 13, Ex. 4.

On December 19, 2011, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1) in the United States District Court for the Western District of Oklahoma. He filed an amended petition (Dkt. # 5) on December 28, 2011. By Order filed January 31, 2012 (Dkt. # 8), Petitioner's case was transferred to this Court. In response to the petition, Respondent Parish seeks dismissal based on Petitioner's failure to exhaust a state judicial remedy, Okla. Stat. tit. 57, § 564.1. In his petition, Petitioner stated his opinion that the remedy provided by § 564.1 would be "an inadequate remedy to address the gross negligent deliberate discrimination in this process." See Dkt. # 1.

## *ANALYSIS*

Exhaustion of available state remedies is generally required for petitions brought under 28 U.S.C. § 2241. Wilson v. Jones, 430 F .3d 1113, 1118 (10th Cir. 2005); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies

whether his action is brought under § 2241 or § 2254."). As the Tenth Circuit Court of Appeals has explained,

> No statutory exhaustion requirement applies to § 2241, but case law holds that although section 2241 establishes jurisdiction in the federal court to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

Capps v. Sullivan, 13 F.3d 350, 354 n. 2 (10th Cir. 1993) (internal quotation and citations omitted). Under § 2241, the petitioner bears the burden of showing that he has exhausted available state remedies. See Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002). "The exhaustion doctrine requires a state prisoner to 'fairly present[ ]' his or her claims to the state courts before a federal court will examine them." Demarest v. Price, 130 F.3d 922, 932 (10th Cir. 1997) (citations omitted).

In 2005, the Oklahoma legislature enacted Okla. Stat. tit. 57, § 564.1. This statute expressly provides Oklahoma inmates with a judicial remedy for challenging institutional disciplinary decisions on due process grounds. The statute, effective on May 10, 2005, provides in relevant part:

> In those instances of prison disciplinary proceedings that result in the revocation of earned credits, the prisoner, after exhausting administrative remedies, may seek judicial review in the district court of the official residence of the Department of Corrections.

Okla. Stat. tit. 57, § 564.1(A) (Supp. 2005). The statute delineates the grounds that may be raised by the inmate in challenging the results of a disciplinary proceeding. See Okla. Stat. tit. 57, § 564.1(D). The statute limits judicial review to a finding whether "due process was [ ] provided . . ." and limits relief to another hearing "to provide due process." Okla. Stat. tit. 57, § 564.1(E).

The record provided by the parties demonstrates that Petitioner has exhausted the administrative remedies available to him with respect to the challenged disciplinary action taken against him at Center Point Osage. Petitioner has not shown, however, that he exhausted the judicial

3

review procedure provided by Okla. Stat. tit. 57, § 564.1.  But, under Okla. Stat. tit. 57, § 564.1, a petition for review must be filed within ninety (90) days of the final DOC decision in the administrative review process.  In this case, Petitioner had to file his petition for review under § 564.1 within ninety (90) days of October 24, 2011, the date of the final ruling in Petitioner's administrative appeal, or on or about January 23, 2012. That deadline has now passed.  As a result, it would be futile to require Petitioner to exhaust the state court review process because the state courts would impose a procedural bar based on his untimely filing.  Furthermore, the state courts' reliance on the statutory time limitation imposed by § 564.1 would be independent and adequate to preclude federal review.  Accordingly, Petitioner's habeas claims should be deemed exhausted but procedurally barred.  See Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Cargle v. Mullin, 317 F.3d 1196, 1212 n.15 (10th Cir. 2003); Hawkins v. Mullin, 291 F.3d 658, 668 (10th Cir. 2002), Petitioner will be required to file a response demonstrating cause for his procedural default and prejudice resulting therefrom or that a fundamental miscarriage of justice would result from the failure to review Petitioner's claims. Coleman, 501 U.S. at 750; Gilbert v. Scott, 941 F.2d 1065, 1067-1068 (10th Cir. 1991).

In summary, the Court finds Respondent's motion to dismiss for failure to exhaust state court remedies shall be denied.  However, Petitioner's claims are procedurally barred unless Petitioner files a response demonstrating either "cause and prejudice" sufficient to overcome the procedural bar or that a "fundamental miscarriage of justice" will occur if his claims are not reviewed.  Should Petitioner fail to file a response, the claims asserted in the petition will be denied as procedurally barred.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss (Dkt. # 13) is **denied**.

2. Within thirty (30) days of the entry of this Order, or by **August 3, 2012**, Petitioner shall file a response to this Order demonstrating cause for his procedural default and prejudice resulting therefrom or that a fundamental miscarriage of justice would result if his claims are not reviewed.

3. Should Petitioner fail to file a response by the specified deadline, the claims asserted in the petition shall be denied as procedurally barred.

4. Respondent may file a reply within fourteen (14) days of Petitioner's response.

DATED THIS 3rd day of July, 2012.

James H. Payne
United States District Judge
Northern District of Oklahoma