# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREW J. CODY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 12-CV-042-JHP-FHM |
| | ) |
| RICK PARRISH, Supervisor; | ) |
| MICHAEL SNYDER, Administrator; | ) |
| DEBBIE MORTON, Director Designee, | ) |
| | ) |
| Respondents. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2241 habeas corpus proceeding commenced by Petitioner, a state inmate appearing *pro se*. Petitioner claims that, during disciplinary proceedings, he was deprived of due process and equal protection of the law. (Dkt. # 1 at 1). In a prior Opinion and Order (Dkt. # 20), the Court denied Respondent's motion to dismiss based on Petitioner's failure to exhaust an available state court remedy, as provided by Okla. Stat. tit. 57, § 564.1, prior to filing his habeas corpus petition. The Court found that, although Petitioner had not exhausted his state judicial remedy, it would be futile to require him to do so. (Dkt. # 20 at 4). The Court further found that Petitioner's habeas claims are procedurally barred. Id. However, Plaintiff was afforded an opportunity to file a response to demonstrate either cause and prejudice to overcome the procedural bar or that a fundamental miscarriage of justice will occur if his claims are not considered. Id.

Plaintiff filed a response (Dkt. # 21). He has also filed supplements in support of his response (Dkt. ## 24, 25, 26). Upon review of Petitioner's response and supplements and for the reasons discussed below, the Court finds that Plaintiff has failed to overcome the procedural bar applicable to his habeas corpus claims. The petition for writ of habeas corpus, as amended, is dismissed with prejudice.

## BACKGROUND

In his petition (Dkt. # 1), as amended (Dkt. # 5), Petitioner alleges that as a result of a disciplinary action at Center Point Osage, a privately owned halfway house, he was deprived of due process and equal protection of the law.[1] In his prayer for relief, Petitioner requests restoration of revoked earned credits, dismissal of criminal charges filed against him in Osage County District Court,[2] reclassification to community corrections status, supervision of Respondent Michael Snyder, and any other necessary relief. Id. at 14.

The record reflects that on July 24, 2011, Petitioner was charged with the disciplinary offense of "escape" after he failed to return on time to Center Point Osage from his work assignment. (Dkt. # 13-2 at 1). On July 26, 2011, Petitioner waived his right to a disciplinary hearing, thereby entering a plea of guilty to the misconduct. Id. Upon finding Petitioner guilty, the disciplinary officer imposed the following disciplinary measures: revocation of 365 days earned credits, placement at Level 1 for 90 days, and placement in segregation for 30 days. Id. at 5. Petitioner exhausted his administrative remedies by appealing the misconduct and arguing that his plea of guilty was coerced by Respondent Mike Snyder, the Administrator of Center Point. (Dkt. #

---

[1] The Court notes that, although Petitioner claims his right to equal protection of the law was violated during the disciplinary proceeding, he provides no factual allegations supporting the claim. Therefore, in addition to being procedurally barred, any equal protection claim is conclusory and subject to being denied on that basis. Straley v. Utah Bd. of Pardons, 582 F.3d 1208, 1215 (10th Cir. 2009).

[2] The Court declines to consider any request to intervene in Petitioner's criminal proceeding in Osage County District Court, Case No. CF-2011-300, filed September 9, 2011. Under Younger v. Harris, 401 U.S. 37, 43 (1971), this Court may not intervene in state criminal prosecutions begun before institution of a federal suit. When Petitioner commenced this habeas action, the state court proceedings were ongoing, offered an adequate forum for the petitioner's federal claims, and implicated important state interests.

13-3). The Director Designee's final decision, dated October 24, 2011, concluded the administrative review process. (Dkt. # 13-4).

On December 19, 2011, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1) in the United States District Court for the Western District of Oklahoma. He filed an amended petition (Dkt. # 5) on December 28, 2011. By Order filed January 31, 2012 (Dkt. # 8), Petitioner's case was transferred to this Court.

As stated above, the Court has previously determined that Petitioner's habeas claims are procedurally barred as a result of his failure to file a timely petition for judicial review, as provided by Okla. Stat. tit. 57, § 564.1. See Dkt. # 20. The Court advised Petitioner that his petition would be dismissed unless he demonstrates "cause and prejudice" or a "fundamental miscarriage of justice" to overcome the procedural bar. Id. at 4.

## *ANALYSIS*

Habeas corpus petitioners must exhaust available state administrative and judicial remedies before pursuing federal relief pursuant to 28 U.S.C. § 2241. See Magar v. Parker, 490 F.3d 816, 818 (10th Cir. 2007); Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002) ("The exhaustion of state remedies includes both administrative and state court remedies." (citation omitted)). The exhaustion requirement may be excused if exhaustion would be futile, i.e., there is "an absence of available State corrective process" or because "circumstances exist that render such process ineffective to protect the rights of the litigant." Magar, 490 F.3d at 818 (citations omitted).

Oklahoma law provides an available state judicial remedy to determine whether a prisoner was afforded due process in the context of his prison disciplinary proceeding. See Okla. Stat. tit. 57, § 564.1(D) (providing for judicial review of prison disciplinary proceedings involving the revocation

3

of earned credits by directing the state district court to determine "whether due process was provided by the revoking authority"); see also Magar, 490 F.3d at 818-19 (Oklahoma provides judicial review of prison disciplinary proceedings pursuant to Okla. Stat. tit. 57, § 564.1). A petition for judicial review under Okla. Stat. tit. 57, § 564.1, must be filed within 90 days of the date the petitioner is notified of the Department of Corrections' final administrative review order. Okla. Stat. tit. 57, § 564.1(A)(1). The due process review afforded by the statute mirrors the federal constitutional requirements set forth by the United States Supreme Court in Wolff v. McDonnell, 418 U.S. 539 (1974). See Okla. Stat. tit. 57, § 564.1(D)(1)-(7).

Here, Petitioner failed to file a petition for judicial review, under Okla. Stat. tit. 57, § 564.1, within the time constraints provided in the statute. For that reason, exhaustion of the state judicial remedy is now futile and the exhaustion requirement is excused. Nonetheless, Petitioner's habeas corpus claims are procedurally barred. See Magar, 490 F.3d at 819 (finding a habeas petition under § 2241 subject to dismissal for procedural default if "state court remedies [were] no longer available because the prisoner failed to comply with the deadline for seeking review"). The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds. Coleman v. Thompson, 501 U.S. 722, 729 (1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995). A finding of procedural default is an "adequate" state ground if it has been applied evenhandedly to "similar" claims "in the vast majority of cases." Id. at 986 (citation omitted).

The anticipatory procedural bar applicable in this case is independent and adequate to preclude federal habeas corpus review. See Anderson v. Sirmons, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (stating that an "anticipatory procedural bar" may be applied to deny an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it). Petitioner's procedural default may be excused only if he demonstrates: (1) cause for the default and actual prejudice from the alleged violation of federal law, or (2) a fundamental miscarriage of justice from the failure to consider his claims. Id. at 1140; see also Thomas v. Gibson, 218 F.3d 1213, 1221 (10th Cir. 2000) (citation omitted).

As cause for his procedural default of state judicial remedies, Petitioner claims he was coerced into pleading guilty to the misconduct and that, while he was in custody at the Osage County Jail, he was deprived of legal assistance or a law library. See Dkt. # 21 at 3-4. However, the Court need not decide whether Petitioner has shown sufficient cause because Petitioner cannot satisfy the prejudice component necessary to overcome the procedural bar. Cf. Steele v. Young, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993) (where petitioner could not show cause for his procedural default, there is no need to consider the prejudice element). For a habeas petitioner to show prejudice, he must show that he suffered "actual prejudice as a result of the alleged violation of federal law." Coleman, 501 U.S. at 750.

The Tenth Circuit Court of Appeals has long recognized that "an inmate's liberty interest in his earned good time credits cannot be denied 'without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'" Taylor v. Wallace, 931 F.2d 698, 700 (10th Cir. 1991) (quoting Ponte v. Real, 471 U.S. 491, 495 (1985)). Because prison disciplinary proceedings are not part of a criminal prosecution, however, "the full panoply of rights due a defendant in such

5

proceedings does not apply." Wolff, 418 U.S. at 556. Rather, the inmate's right to due process in a disciplinary proceeding requires only that he receive:

> (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985). Additionally, the factfinder's conclusions must be supported by "some evidence in the record." Id. Determining whether the "some evidence" standard has been met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id at 455-56. "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. The disciplinary decision can be upheld by a reviewing court even if the evidence supporting the decision is "meager." Id. at 457.

In this case, the record from the misconduct proceeding shows that on July 24, 2011, Petitioner returned to his facility at 4:40 p.m., after surpassing the approved time for his return, 2:00 a.m. (Dkt. # 13-2 at 1). He was charged with Escape for Any Period of Time, a Class X offense. Id. On July 26, 2011, Petitioner acknowledged that had received a copy of the written charge against him and waived his right to a disciplinary hearing on the escape charge, thereby pleading guilty to the misconduct and waiving his right to an administrative appeal.[3] Id. The Disciplinary Hearing Report reflects that on July 26, 2011, Petitioner was found guilty, based on his own admission of guilt, and subjected to revocation of 365 days, placement at Level 1 for 90 days, and

---

[3]Plaintiff allegations of coercion are belied by the record. Plaintiff placed his initials in the blanks preceding the statements, thereby acknowledging that he understood that he was pleading guilty, that his actions were his "own free choice," and that he was waiving his right to appeal. (Dkt. # 13-2 at 1).

placement in administrative segregation for 30 days. Id. at 5. A "Serious Incident Report," prepared by F/M William Taft, documents the events giving rise to the misconduct charge of escape. Id. at 2-4. The Disciplinary Hearing Report was reviewed and affirmed by the facility head on July 26, 2011. Id. at 5.

The Court finds that the record cited above demonstrates that Petitioner's disciplinary proceeding satisfied due process requirements. He acknowledged that he had received advance written notice of the disciplinary charge, see Dkt. # 13-2 at 1; and was provided the opportunity to have a hearing. However, exercising his "own free choice," he waived his right to a disciplinary hearing. Id. The offense report and incident report constitute "some evidence" to support the disciplinary hearing officer's finding of guilt for escape. See Mitchell v. Maynard, 80 F.3d 1433, 1445 (10th Cir. 1996) (offense report explicitly describing conduct provided evidence in support of finding of guilt); Howard v. United States Bureau of Prisons, 487 F.3d 808, 812 (10th Cir. 2007) (misconduct report was "some evidence" sufficient to support conviction for possession of drug paraphernalia on a theory of constructive possession). Based on the record, the Court finds that Petitioner has not shown the actual prejudice necessary to overcome the procedural default of his claims resulting from his failure to file a timely petition for judicial review under Okla. Stat. tit. 57, § 564.1.

Petitioner also claims to be innocent of the misconduct. A claim of actual innocence may serve to overcome the procedural bar under the fundamental miscarriage of justice exception. See, e.g., Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) (requiring showing of factual innocence to establish fundamental miscarriage of justice). Petitioner claims to be actually innocent because "he never escaped, he merely exceeded his time of return through no fault of his own." See Dkt. # 21

7

at 5-6. As discussed above, however, "some evidence" available at the time of the disciplinary hearing supported the misconduct finding. Petitioner presents no new evidence supporting his claim of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995). Petitioner has not shown that failure to consider his claims will result in a fundamental miscarriage of justice.

## *CONCLUSION*

Petitioner has failed to show either "cause and prejudice" sufficient to overcome the procedural bar, or that a "fundamental miscarriage of justice" will occur if his claims are not considered. Therefore, any challenge to the misconduct at issue in this case is procedurally barred. For that reason, the petition, as amended, shall be dismissed with prejudice.

## Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action as procedurally barred is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The petition for writ of habeas corpus (Dkt. # 1), as amended (Dkt. # 5), is **dismissed with prejudice**.
2. A certificate of appealability is **denied**.
3. This is a final Order terminating this action.

**DATED** this 19th day of December, 2014.

James H. Payne
United States District Judge
Northern District of Oklahoma